UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gina Rosado,<br><br>                Plaintiff,<br><br>    v.<br><br>Leprino Foods Company,<br><br>                Defendant. | No. 2:22-cv-02302-KJM-CKD<br><br>ORDER |

The court granted defendant Leprino Food Company's motion for summary judgment in a previous order and entered judgment in Leprino's favor. Order, ECF No. 22; Judgment, ECF No. 23. Leprino then submitted a bill of costs. ECF No. 24. Plaintiff Gina Rosado objects to the bill of costs. ECF No. 25. She argues California law applies to this question, and she contends California law does not permit a court to tax a defendant's costs in a case like this one unless the plaintiff's claims were "unreasonable, frivolous, meritless or vexatious." *Id.* at 3 (emphasis omitted). She argues her claims do not fit that description, but rather were reasonable, albeit unsuccessful in the end. *See id.* at 3–4. In the alternative, she asks the court to exercise its discretion not to tax costs under Rule 54, *see id.* at 4–6, or to postpone any award of costs until after any appeal, *see id.* at 6.

Although state law supplied the substantive legal rules that this court followed in its previous order, this court must follow federal procedural rules, such as Federal Rule of Civil

1  Procedure 54, which allows a federal court to tax costs at the conclusion of a civil action. *See*
2  *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *Aceves v.*
3  *Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995).  A federal court refers to a relevant state
4  rule only if that rule is "substantive in nature," for example if it defined litigation costs as a
5  component of damages. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1065 (9th Cir. 2003).

6  Rosado argues this court should employ the relevant California rules on costs and fees, but
7  she relies primarily on cases in which federal courts were deciding whether to award attorneys'
8  fees, not costs, to a prevailing defendant. *See* Objections at 2–3 (citing *Rodriguez v. City of*
9  *Colton*, 631 F. App'x 474, 475 (9th Cir. 2016) (unpublished), *aff'g* No. 07-00303, 2013 WL
10 12203017 (C.D. Cal. Oct. 15, 2013)).  Leprino has not asked for an award of the attorneys' fees it
11 incurred, so the court need not decide whether federal or California law would permit a defendant
12 to obtain attorneys' fees in this situation.

13 On the question of costs, the Ninth Circuit appears not to have decided in any binding
14 opinion whether the state law at issue in a case—here, the California Fair Employment and
15 Housing and Family Rights Acts, more commonly known as the "FEHA" and "CFRA,"
16 respectively—define costs or fees in the "substantive" sense.  The Circuit has confronted this
17 question in only a nonbinding, unpublished memorandum disposition; it decided the state's cost
18 rules were procedural, not substantive. *See Duran v. Stock Bldg. Supply W., LLC*, 672 F. App'x
19 777, 779 (9th Cir. 2017).  District courts within California are divided, but the majority has
20 reached the same conclusion as the panel did in *Duran*. *Compare, e.g.*, *Olvera v. Quest*
21 *Diagnostics*, No. 19-06157, 2020 WL 13611568, at *2 (C.D. Cal. Oct. 22, 2020) ("[T]he costs
22 provision in FEHA is not substantive."); *Jones v. Cnty. of El Dorado*, No. 17-02128, 2020 WL
23 363916, at *3 (E.D. Cal. Jan. 22, 2020) ("[C]osts are not substantive in nature and federal law
24 governs."); *and Buhl v. Abbott Lab'ys*, No. 17-04244, 2019 WL 13248033, at *1–2 (N.D. Cal.
25 Oct. 16, 2019) (following *Duran* and awarding costs under the federal rule rather than applying
26 the state rule) *with Villalobos v. TWC Admin. LLC*, No. 15-2808, 2016 WL 10933076, at *1 (C.D.
27 Cal. June 8, 2016) (applying state rule in rejection of defense contention it was procedural rather
28 than substantive).  This court adopted the majority position in a previous case and declines to

2

1  revisit that decision now. *See Cosby v. Autozone, Inc.*, No. 08-00505, 2016 WL 1626997, at *11–
2  13 (E.D. Cal. Apr. 25, 2016). In other words, Leprino may seek costs under Rule 54 even if
3  Rosado's claims were not "unreasonable, frivolous, meritless or vexatious" under California law.

4  At the same time, as Rosado correctly points out, federal district courts do have discretion
5  not to award costs to a prevailing defendant under Rule 54. *See* Objections at 4 (citing *Escriba v.
6  Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014)). "That discretion is not
7  unlimited. A district court must 'specify reasons' for its refusal to award costs." *Ass'n of
8  Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (quoting
9  *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).
10 The Ninth Circuit has listed several reasons that might support a district court's decision not to
11 tax costs, including "the substantial public importance of the case," the need to resolve "close" or
12 "difficult" issues, "the chilling effect" an award of costs might have on "similar actions," the
13 plaintiff's "limited" resources, and any disparity between the parties' financial resources.
14 *Escriba*, 743 F.3d at 1247–48. The Circuit emphasized this is not an exhaustive compilation, "but
15 rather a starting point for analysis." *Id.* at 1248.

16 This case did not include any difficult, particularly close or complex legal or factual
17 issues. As the court summarized in its previous order, state and federal courts have confronted
18 similar disputes in many previous cases. *See* Order (Apr. 4, 2025) at 6–7. The evidentiary record
19 also was straightforward and undisputed in all relevant respects. *See id.* at 2–3, 8–9. Although
20 the resolution of this case undoubtedly was important to the parties involved in it, nothing in the
21 record shows it had any unusually important or broader implications. There is no evidence, for
22 example, that federal or state regulators believed this case would "establish the parameters" for
23 future litigation or that the defendant believed it would have a "much broader application to the
24 workplace," as was true in *Escriba*. 743 F.3d at 1248. Nor does Rosado cite evidence to support
25 her assertion that she has "had to rely on Social Security, California disability benefits, and
26 unemployment," or quantify that assertion, for example with information about her income,
27 expenses, debts and similar matters. Objections at 5. Despite that lack of evidence, there appears
28 to be no dispute Rosado has limited resources—lesser resources than Leprino, in any event—and

3

that an award of costs in this case might dissuade other plaintiffs from pursuing claims under the FEHA and CFRA. Litigation is expensive, and even "modest costs can discourage potential plaintiffs" with limited means. *Escriba*, 743 F.3d at 1249.

If district courts have discretion to reject a bill of costs entirely based on the factors listed above, such as a plaintiff's limited resources, then district courts also must have discretion merely to reduce an award of costs if the same factors do not justify an outright rejection. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000) ("[A] district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit."). Rule 54 also implies a district court can award less than all costs incurred by the prevailing party. It broadly grants district courts discretion to order "otherwise." Fed. R. Civ. P. 54(d)(1). Because the record and law clearly favored Leprino at the summary judgment stage, the court declines to reject Leprino's bill of costs outright; but because Rosado has only limited resources, and because a significant award of costs would likely deter claimants with potentially meritorious claims, the court also declines to tax the full amount of Leprino's costs. The court will therefore impose a fifty percent reduction on any award of costs that would be proper under Rule 54(d). Although the court will reduce the award in this way, it will not postpone that award given that the court has already issued final judgment.

Turning then finally to Rule 54, Leprino is entitled only to "costs," as that word is defined in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). That statute defines "costs" as expenses for clerk and marshal fees, printing, recording, transcripts, docketing, and court-appointed experts. *See* 28 U.S.C. § 1920(1)–(6). It does not permit the taxation of fees paid to expert witnesses retained by the parties, airfare, hotels or similar expenses. *See Cosby*, 2016 WL 1626997, at *12.

Leprino requests reimbursement of the following costs:

- Court fees: $1,272.00
- Service of Summons and Subpoena: $409.90
- Deposition Transcripts and Videography: $12,341.50
- Expert Witnesses: $5,625.00

4

- Copies: $339.10
- Docketing Fees under 28 U.S.C. § 1923: $20.00
- Attorney Travel Costs: $535.48

The court denies Leprino's request for reimbursement of expert witness fees and attorney travel expenses, as those types of expenses are not defined as "costs" in § 1920. The remaining costs are appropriately taxed under Rule 54(d). In total, those costs amount to $14,382.50. After imposing the fifty percent discretionary reduction described above, **the court awards Leprino costs of $7,191.25**.

IT IS SO ORDERED.

DATED: May 14, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE